IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR-11-0043-TUC-CKJ (HCE) |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| JUAN CARLOS GARCIA RIVAS, ) | |
| Defendant. ) | |

On May 3, 2011, Magistrate Judge Hector C. Estrada issued a Report and Recommendation ("R & R") [Doc. 51] on Defendant's Motion to Suppress [Doc. 28] based on an alleged violation of *Miranda*.[1] Magistrate Judge Estrada recommended that Defendant's Motion to Suppress [Doc. 28] be denied. On May 16, 2011, Defendant filed his Objection to Report and Recommendations [Doc. 55]. On May 16, 2011, the Government filed its Response to Defendant's Objection to Magistrate's Report and Recommendations [Doc. 56]. Upon independent review and for the reasons delineated herein, the Report and Recommendation is adopted.

## I. STANDARD OF REVIEW

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema*

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

1  *Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *See also, Conley v. Crabtree*, 14
2  F.Supp.2d 1203, 1204 (D. Or. 1998).

## II. FACTUAL BACKGROUND

The factual background contained in Magistrate Judge Estrada's R & R [Doc. 51] is uncontested. As such, it is adopted by reference herein.

## III. ANALYSIS

Defendant objects to the Magistrate Judge's R & R [Doc. 51] on several grounds. First, he asserts that the Magistrate Judge erred in finding that the search was reasonable under the Fourth Amendment. *See* Def.'s Obj. to Magistrate's R & R [Doc. 55] at 4. Second, Defendant asserts that United States Customs and Border Protection ("CBP") Officer Falcon did not have probable cause to arrest him. *See id.* at 8-9. Third, Defendant urges that the multiple advisements were confusing and therefore invalidated the *Miranda* warnings. *See id.* at 9-10. Finally, Defendant avers that Officer Yenna does not speak sufficient Spanish to translate documents read to him, and therefore any subsequent statements should be suppressed. *See id.* at 11-12. For the reasons discussed below, Defendant's contentions are without merit.

*A.   Reasonableness of Search Pursuant to the Fourth Amendment*

Defendant asserts that the outbound search and seizure conducted at the international border "contained an impermissible purpose . . . [and] did not meet the Fourth Amendment requirement of reasonableness." Def.'s Obj. to Magistrate's R & R [Doc. 55] at 4. Defendant argues that because Officer Falcon did not specifically "mention what statute, administrative regulation or doctrine gives him authority to stop whomever he wants, whenever he wants, for whatever reason he wants" the search is invalid. *Id.* at 7. Citing *United States v. Bulacan*, 156 F.3d 963 (9th Cir. 1998), Defendant urges that this case should be assessed under the standard applied to administrative searches that occur prior to entrance to a federal building. Defendant misinterprets the governing law.

- 2 -

1     "The border search doctrine is a narrow exception to the Fourth Amendment
2 prohibition against warrantless searches without probable cause." *United States v. Seljan*,
3 547 F.3d 993, 999 (9th Cir. 2008) (quoting *United States v. Sutter*, 340 F.3d 1022, 1025 (9th
4 Cir. 2003)). "Under this doctrine, customs officials may conduct searches at the international
5 border to identify the illegal transportation of contraband or undeclared articles across the
6 border." *Id.* (citations omitted). "[S]earches at the international border of both inbound and
7 outbound persons or property are conducted 'pursuant to the long-standing right of the
8 sovereign to protect itself,' they generally require neither a warrant nor individualized
9 suspicion." *Id.* (citations omitted). The Ninth Circuit Court of Appeals recognized in *Seljan*,
10 the well-established rule that the border search doctrine applies to outbound searches. *Id.*;
11 *See United States v. Cardona*, 769 F.2d 625, 629 (9th Cir. 1985) ("Since the border search
12 exception applies to exit searches, there is no principled basis to conclude that the extended
13 border search doctrine does not apply with equal force to exit searches as it does to entry
14 searches.").

15     Magistrate Judge Estrada found that "CBPO Falcon was carrying out his statutorily
16 authorized duties when he stopped and questioned out-bound Defendant regarding weapons,
17 ammunition, or currency."  R & R [Doc. 51] at 4.  Defendant argues that "[w]hile Officer
18 Falcon is authorized to stop someone and ask them for currency and weapons, there is no
19 statute that authorizes him to stop and question someone simply because he does not
20 recognize them."  Def.'s Obj. to R & R [Doc. 55] at 4.  Defendant's position is untenable.
21 "A border search is by its very nature reasonable under the fourth amendment, and requires
22 neither a warrant, probable cause, nor even articulable suspicion." *U.S. v. Dobson*, 781 F.2d
23 1374, 1376 (9th Cir. 1986). Officer Falcon stopped Defendant and asked whether he had any
24 "weapons, ammo, and currency over $10,000."  Hr'g Tr. 4/4/2011 [Doc. 49] at 27:5-11.
25 Once questioned, Defendant began to appear nervous prompting Officer Falcon to ask for
26 identification. *Id.* Officer Falcon was unequivocally carrying out his statutorily authorized
27 duties.

28

Defendant further asserts that "[t]he seizure was not reasonable by virtue of the justification for its initiation." Def.'s Obj. to R & R [Doc. 55] at 7. As stated above, "[a] border search is by its very nature reasonable under the fourth amendment[.]" *Dobson*, 781 F.2d at 1376. The record before this Court demonstrates that the stop of Defendant was a routine border search, initiated by Officer Falcon as part of his statutorily prescribed duties. As such, it was reasonable under the Fourth Amendment.

### *B.     Probable Cause to Arrest*

Defendant asserts that "[p]robable cause did not exist for Mr. Garcia Rivas to be arrested." Def.'s Obj. to R & R [Doc. 55] at 9. "Probable cause exists if, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that the individual had committed a crime." *United States v. Hernandez*, 322 F.3d 592, 596 (9th Cir. 2003) (citations omitted); *see also United States v. Ocampo*, 937 F.2d 485, 490 (9th Cir. 1991) (reiterating the rule that a probable cause determination requires a totality of the circumstances approach). Officer Falcon stopped Defendant and asked whether he had any "weapons, ammo, and currency over $10,000." Hr'g Tr. 4/4/2011 [Doc. 49] at 27:5-11. Once questioned, Defendant began to appear nervous prompting Officer Falcon to ask for identification and Defendant did not have any. *Id.* at 27:5-11, 28:1-6. Officer Falcon asked if Defendant was in the United States illegally, and Defendant responded yes. *Id.* at 28:1-13. Under the totality of the circumstances, Officer Falcon had probable cause to arrest Defendant.

### *C.     Multiple Advisements*

Defendant asserts that "[t]he multiple advisements in broken Spanish were confusing as to whether or not Mr. Garcia Rivas would be appointed by the Government a free attorney." Def.'s Obj. to R & R [Doc. 55] at 9. Defendant relies on *United States v. San Juan Cruz*, 314 F.3d 384 (9th Cir. 2002), for this proposition. Defendant misinterprets the Ninth Circuit Court of Appeals' holding in *Cruz*. The *Cruz* court stated:

> When a warning, not consistent with *Miranda*, is given prior to, after, or simultaneously with a *Miranda* warning, the risk of confusion is substantial, such that the onus is on the Government to clarify to the arrested party the nature of his or her rights under the Fifth Amendment. The Government should not presume after having read two sets of **contradictory** warnings to an individual that he or she possesses sufficient legal or constitutional expertise to understand what are his or her rights under the Constitution.

*Id.* at 389 (emphasis added). In *Cruz*, the defendant was given *Miranda* warnings guaranteeing free legal counsel on the heels of an administrative warning explicitly stating that the Government would *not* pay for counsel. *Id.* at 388.

In this case, Officer Yenna first gave Defendant his *Miranda* warnings. Hr'g Tr. 4/4/2011 [Doc. 49] 69:23-70:1. Officer Yenna then gave Defendant his Spanish advisement of rights and consular notification. *Id.* at 81:19-82:8. The Spanish advisement of rights provides that an attorney will be provided for free or at little cost. *See* Def.'s Ex. 21; Hr'g Tr. 4/4/2011 [Doc. 49] 64:22-68:17. The consular notification provides that an accused's consular representative may be able to assist in obtaining an attorney. *See* Def.'s Ex. 23; Hr'g Tr. 4/4/2011 [Doc. 49] 72:17-73:1. None of the latter advisements conflict with the *Miranda* warnings. The Spanish advisement of rights form states that an attorney will be provided for free or at little cost, and the consular notification alludes to the ability of consulate officials to assist in obtaining representation. Neither form states that the Government would not pay for counsel.

During the April 4, 2011 hearing, Defense counsel made much of the perceived difficulty Officer Yenna had at translating the relevant forms from Spanish to English; however, there is nothing in the record before this Court that suggests Officer Yenna's reading of the Spanish rights aloud directly from the forms was insufficient or unintelligible. Indeed, Defendant requested, and met with his consular official. Hr'g Tr. 4/4/2011 [Doc. 49] at 50:5-17. The *Miranda* warnings given to Defendant were valid.

. . .

. . .

. . .

. . .

- 5 -

### D.     *Officer Yenna's Spanish*

Defendant argues that Officer Yenna "was unable to accurately translate forms she reads everyday, we can not be certain that she accurately translated the conversation she thought she was having with Mr. Garcia Rivas." Def.'s Obj. to R & R [Doc. 55] at 12. The record before this Court does not indicate that Officer Yenna translated anything inaccurately. Moreover, she asked Officer Flores, a native Spanish speaker, to assist her when she had difficulty understanding Defendant's responses during the taking of his sworn statement. Hr'g Tr. 4/4/2011 [Doc. 49] 82:9-21, 95:2-8. Defendant's contention is without merit.

Accordingly, after an independent review of the pleadings, exhibits and transcript, IT IS HEREBY ORDERED that:

1. The Report and Recommendation [Doc. 51] is ADOPTED;
2. Defendant Garcia Rivas's Motion to Suppress [Doc. 28] is DENIED; and
3. The Clerk of the Court shall return all exhibits to counsel.

DATED this 27th day of May, 2011.

_____
Cindy K. Jorgenson
United States District Judge