**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                    )<br>        Plaintiff,              )<br>                                    )   No. CR 11-043-TUC-CKJ (HCE)<br>vs.                              )<br>                                    )          **ORDER**<br>JUAN CARLOS GARCIA-RIVAS, )<br>                                    )<br>        Defendant.          )<br>_____)  | |

On April 4, 2013, the Ninth Circuit Court of Appeals issued its mandate in this case. The appellate court vacated this Court's decision with regard to probable cause and the matter was remanded for this Court to conduct a hearing regarding the arrest of the Defendant. By the time the mandate issued, Defendant had completed his sentence of imprisonment and had been deported.

On April 12, 2013, this Court discussed with counsel whether an amended order should be sought from the appellate court which recognized the inability of this Court to proceed without a valid waiver of appearance from Defendant or whether this Court should attempt to proceed without the parties seeking an amended order.

On May 3, 2013, this Court issued an Order setting this matter for hearing on June 17, 2013 and directing counsel for Defendant to seek to contact and advise Defendant of the hearing (or obtain a written waiver of Defendant's presence at the hearing). Counsel for Defendant was also directed to notify the Court if he was unable to contact Defendant.

1  On June 2, 2013, counsel for Defendant filed a brief regarding the outstanding
2  probable cause issues; in the brief, counsel stated that he had not been able to contact his
3  client. On June 12, 2013, counsel for Defendant advised the Court's staff that he has still not
4  been able to contact his client.

*Analysis*

"[A] defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). A pretrial hearing is a critical stage of a prosecution. *United States v. Hamilton*, 391 F.3d 1066, 1070 (9th Cir. 2004). As such, the Defendant's presence at the probable cause hearing is required. However, a defendant has a right to absent himself from a suppression hearing, where there is clearly on the record a voluntary and intelligent waiver of the right to be present." *Singletary v. United States*, 383 A.2d 1064, 1072 (D.C.Cir. 1978).

The Defendant has not been advised of the hearing and has not had an opportunity to consider whether to waive his presence at such a hearing. Thus, the Court faces conflicting obligations. The Ninth Circuit Court of Appeals has remanded the case for a hearing, however, the Court cannot conduct the hearing without either the Defendant's presence or a voluntary and intelligent waiver.[1]

In *United States v. Plancarte-Alvarez*, the Ninth Circuit Court of Appeals addressed a situation where it intended to vacate a sentence and remand the case to the district court for re-sentencing. *United States v. Plancarte-Alvarez*, 366 F.3d 1058 (9th Cir. 2004). However, the defendant had been deported prior to the Ninth Circuit Court of Appeals' mandate. *Id.* Since the defendant had been deported, the district court could not re-sentence him in accordance with any Ninth Circuit Court of Appeals mandate. *See* Fed.R.Crim.P. 43(a)(3).

---

[1]Since the Defendant has been deported, his absence is involuntary. *United States v. Arrous*, 320 F.3d 355, 360 (2nd Cir. 2003).

- 2 -

1 The Ninth Circuit Court of Appeals remedied the situation by affirming the sentence without
2 prejudice to an application to the district court to vacate the sentence and re-sentence the
3 defendant if he ever should be present in the country and available for re-sentencing.
4 *Plancarte-Alvarez*, 366 F.3d at 1065.

5      In *United States v. Flores-Arvizu*, Ninth Circuit Court of Appeals issued a mandate
6 vacating the district court's sentence and remanded the case for re-sentencing. *United States*
7 *v. Flores-Arvizu*, 2009 WL 4898318 (D. Ariz. 2009). However, similar to the case at bar,
8 the defendant in that case had been deported prior to the issuance of the Ninth Circuit's
9 mandate. As such, the district court in *Flores-Arvizu* could not comply with the Ninth
10 Circuit's mandate due to the absence of the defendant. Relying on *Plancarte-Alvarez*, the
11 district court in *Flores-Arvizu* remedied the situation by advising the parties to seek an
12 amendment of the Ninth Circuit's mandate in light of the fact that the defendant could not
13 be re-sentenced in his absence. *Id.*

14      This Court finds the solution promulgated in *Flores-Arvizu* sound. As such, this Court
15 advises the parties to seek an amendment of the Ninth Circuit's mandate in light of the fact
16 that the Court cannot proceed with a probable cause hearing without either the defendant's
17 presence or a voluntary and intelligent waiver.

18      Accordingly, IT IS ORDERED:

19      1. The hearing scheduled for June 17, 2013, is VACATED.

20      2. The parties are advised to seek an amended order from the Ninth Circuit Court
21         of Appeals since this Court cannot conduct the probable cause hearing without
22         the Defendant's presence or a voluntary and intelligent waiver.

23      DATED this 14th day of June, 2013.

_____
Cindy K. Jorgenson
United States District Judge